Mr. Loughborough, as counsellor Taylor,presented the following petition for a re-heuring.
This case was taken up by thé court, üp'oft the suggestion of the appellee, íhát it had been brought into this court, only for purposes of delay, and without calling the appellants or giving notice to his attorneys, and before the errors had been assigned, the court examined the case and affirmed the judgment of the inferior Court. And his calise hás b'één decided, and he never heat’d.
The counsel for Taylor indulges thé hope that the court, upon a ré-examination of the cause, ánd a view* of the authorities that apply* Will order a re-hearing. Especially when it is recollected that in another case, between the same parties, and Upon a record precisely similar* a like motion was overruled;
Craig instituted his petition and summbns against Parker and Taylor, upon their joint and several promissory note. Taylor* who was the security of Par* ker, at the time of signing the obligation, wrote upon it that he did so upon condition* that the note was not to be transferred to the Bank of the United States* nor put into any of its branches for collection;
To the action of Craig, Taylor filed three pleas* in which he set forth, substantially, these facts, by proper averments, and it is believed in apt form, viz; That Craig and Parker Were residents in Fayette county, and he, himself, a resident in Campbell; that, being ignorant of thé pecuniary situation of Parker, he signed his name as security upon the nóte, and placed it in the hands of J. W. Tibbatts, as his agent* to carry to Lexington; that when there, he directed *450 Tibbatts to consult Richard Higgins about the situation of Parker, and if Higgins should say that he would be safe in becoming the security of Parker, then and in that eVent only, he directed said agent, Tibbatts, to deliver, for him, the obligation siied on, to the obligee; that Tibbatts carried the obligation to Lexington, and without consulting with Higgins as directed, and without Higgins having pronounced a favorable opinion of the solvency of Parker, handed the note to Parker, from whom the obligee obtained it, contrary to the express directions of Taylor and in violation of the limits of the authority conferred by him; wherefore, the pleas conclude the writing sued on is not the defendant’s act and deed.
The plaintiff demurred to these pleas, and the court below sustained the demurrer.
This court having affirmed the decision below, the counsel for Taylor feels it a duty incumbent upon him, as well from a consideration of what is due to the defence set up below, as under the particular circumstances attending the disposal of the cause in this court, to call the attention of the court to the precedents and decisions, within the operation of which the case falls.
The delivery of a deed is an essential requisite to itf! legal efficacy. It is the consummation of the instrument. Without it, whatever else the parties may have done, is ineffectual. The delivery may be made to the qbligee himself, or to some person for him. In either case it shall be good. But it is only good in the latter case, where the third person to whom the delivery is made, can be considered as representing the obligee in accepting the delivery. Indeed, from the nature of things, a delivery of a deed to a third person, could not, upon any other principle, be held valid..'* The law requires that a deed to be operative, should be delivered by the grantor or obligor, to the grantee or obligee, by the person who passes the right or incurs the responsibility to the person who is, by the contract, to receive the right or accept the stipulation. ¿f*The solemn act of delivery, is the perfection of the contract, and common sense, as well as law, dictates, that to make one a party to a contract. *451 be musí have participated in the performance of that part of it, without which the whole is a nullity. Accordingly, an examination of the adjudicated involving questions as to the delivery of deeds, will show, that where there has been even an absolute delivery'to a third person, it is good only in those instances in which that person has, quoad hoc, represented the grantee or obligee. XIII. Viner. Faits, k.; Touchstone, 57, 58; III. Cruise’s Digest, 28.
The courts seem to have had more difficulty in cases where the delivery to a stranger had been conditional. In England, many refinements and subtleties have, at times, been indulged in, upon this subject. Sometimes the only distinction taken, was between absolute and conditional deliveries. At others, the judges distinguished conditional deliveries into several kinds, as into deliveries upon conditions subsequent and upon conditions precedent. In this way', many seeming contradictions were procured.
The distinction anciently observed, was between those cases in which the delivery to the stranger was a delivery of the instrument as the deed of the obligor, to be delivered to the obligee upon performance of. certain conditions; and those in which it was deposited with or delivered to the stranger" as an escrow, not to be delivered or parted with, unless upon a certain event.. in the former class of cases, it has been held, that if the party to whom the deed is made, obtain it before conditions performed, yet it shall be a good deed, because the obligor hath delivered it as such, and the law regarding, in this matter, more the acts than the words of the party, will not suffer the solemn act of delivery to be qualified or restrained by the declarations of the obligor. XIII. Viner, title Faits, n. a. 3.
~~*ff it be delivered as his deed,-to a stranger, to be delivered to the party, upon performance of a condition, it shall be his deed presently, and if the party obtains it, he may sue before- conditions IV. Comyn’s Digest, title Faits, a. 3.
So, if it be delivered as his deed, into the hands of a stranger. II. Roll. 24, I. 42.
*452 Jf a man seals a writing and delivers it to a stran,-geras his deed, to deliver to the party to whom it is after certain conditions performed, if the stranger delivers it to him before the conditions per* formed, yet it is his deed, and he is put to his remedy against the bailíee. XIII. Viner. title Faits, m.
Similar authorities might be multiplied, from all of wh>c.h, it would appear, that in no case where there was a conditional delivery to a third person, has the party obtaining the deed before conditions performed, been permitted to treat it as valid, except where it had been solemnly delivered to the stranger,, as the act and deed of the obligor. v
When the delivery to a third person was not absolute, nor as thp deed of the obligor, to be passed to the obligee, upon a contingency, but as an escrow, it has never, so, far as the authorities have been consulted,, been obligatory upon the obligor, until the conditions have been performed, and the instrument has beep delivered as a deed to the other party. Had the adjudications been otherwise, the consistency of the law in requiring a delivery of deeds, would not have been preserved, since, in these cases, the putting of the instrument in the hands of a stranger,cannot be considered a delivery; and, therefore, something is yet wanting to makb the deed efficacious. The perform-ance of conditions is necessary, inasmuch as the stranger hasp limited authority conferred upon him, to deliver upop such performance. The delivery, without the performance, is a nullity, since in making it, the agent exceeds the authority delegated,
“If I make a writing to A, and deliver it to another, as an escrow, and after A gets the deed, yet this is not my deed, for the bailee, has not any authority, to deliver it as my deed.” XIII. Viner, title Faits, m.
“So, it seems it should be, by this reason, if the bailee had delivered it over as his deed,,/?»- this is out of his authority, it not being appointed.” Ib.
“If I make a writing to A, and deliver it to another, io deliver to A, after certain conditions performed, if A takes the deed, out of the possession of the bai-lee, before the conditions performed, this is not his *453 deed, because be does not deliver it as bis deed, but as an escrow. Ib. See also Coke, Litt. 36 a. Comyn’s Dig. Faits, a. 4. So, if bailee, delivers the before the conditions performed, it is not his deed. lb. ’
If I make a deed, and deliver the same, unto J. S, a stranger, as an escrow, to keep, until such a day, &c. upon condition, that if before that day, B to whom it is made, shall pay me £10, &c. then J. S. shall deliver the escrow unto B, as my deed; in this case if J. S. deliver the same unto B, as my deed, before the conditions performed, it is not my deed simplicilcr, XIII. Viner, Faits, m.
In Taw vs. Basey, II. Dyer, 167, b. this doctrine was recognized, and admitted.
Pinschar brought debt against Gerves, &c. execu. tors of Northgate, upon his land, for £100; defendants pleaded a deed of release to Northgate, .and plaintiff replied, that being a layman, and unable to read, he had deposited the deed of release, with Gerves, now one of the executors, upon the condition that if the deed, was in fact, such as it was read to him, he should deliver it to Northgate, if not, it should be returned to plaintiff. The deed was not such as plaintiff had supposed. It was held by the judges, that the plaintiff might safely deny the deed, unless defendants would shew, that the conditions had been performed. See Pigot’s case, XI. Coke, 28.
Gilbert, in his evidence, 164, says, “if a man seals an obligation, and commands another to keep it, until certain conditions are performed, and the bond is delivered to the obligee before they are performed, this could never be his bond till those conditions were performed; and, therefore, this special matter may be given in evidence to prove non est factum? And he cites divers authorities.
When tested by the rules which have governed in the cases above referred to, it is confidently believed that the pleas of Taylor, in these cases, show a sufficient legal defence. There was no delivery by Taylor to the obligee. The delivery to Tibbatts, the baillee, was not absolute as the delivery of a deed. Even if it had been sc?, it could not enure tp the *454 benefit of Craig, since we cannot consider Tibbatts as representing him. On the contrary, he acted as agent of Taylor, and as to Craig and other persons, his possession of the bond must be considered the possession of Taylor. Placing the obligation in his hands, therefore, was no delivery to Craig, nor to one representing Craig, but to the obligor’s own agent, which was no delivery in law. This only con» ferred an authority on Tibbatts, upon certain terms, to consummate the instrument by delivery. Jf Tibbatts had retained the obligation, could Craig have maintained detinue for it? It will scarcely be contended that he could. And yet this was the only act done by Taylor, which approached a delivery in character. But Tibbatts passing the limits of his authority, hands the deed to Parker or to Craig. Shall, the obligor be bound by this act? If so, it is the first case of-the kind. The pleas aver that the obligor placed the writing in the hands of the bailee, to be delivered as his act and deed, to Craig, upon a certain event. If when Tib-batts received the obligation, it was yet to be deliv--ered as a deed, will it be urged that this act had been already performed? Tibbatts had the obligation as an escrow, if the definitions of that term, in the books,. are correct, and not as a deed delivered but made, and with verbal qualifications of the act which the law disregards. The non-performance of. the condition is set forth with certainty and precision, and an averment made of Parker’s insolvency, which shows the propriety of defendant’s cause.
It will be said that Tibbatts was the agent of Tay* lor, and he was bound by his acts. That Craig could not know the condition upon which the agent was to act, which was a matter wholly between him and his principal. And that, having accepted the bqnd as Taylor’s deed, and abided by that acceptance, .treating it as valid; he. should not now be injured, by the, fact, that Tibbatts had exceeded his authority.. To aii this the answer is plain, and we think,,c.oncliisive., The signingof the bond by. Taylor, and entering into the obligation, was a, voluntary act. on his part. He was not enforced to it by any pre-existing obligation-Being a gratuity, he had a perfect right to choose whether he would become bound in any event, or *455 whether upon a certain contingency $ which he had the right to designate. He did designate the event and the only event upon which he would be He conferred upon the bailee of the instrument, a limited, authority. Surely the acts of Tibbatts, not warranted by the authority conferred, shall not bind Taylor. If so, special agency is at an end’; and no man can have an agent, however strictly he may limit his power, who will not be bound by all bis acts touch" ing the matter entrusted to his agency. See Coke, 298, b.; Palcy on agency; Sugden on Powers, 209; Chitty oil bills, 31.
XIII. Tiner, title Faits,- m. shows that when the bailee has a limited avfthority, and he exceeds it, in delivering the deed, it shall not bind.
The Touchstone says that when the delivery is by another, who hath a good authority and doth pursue it.¡ it is as good a deed as if it were delivered by tbé party himself. But if he do not pursile his authority, then it is otherwise. Page 57. See also, the case of Pinschar vs. Northgate’s executors, before cited from Coke. .
This was a joint and several bond, and it appears that Craig received it from Parker, with his own and Taylor’s signature to it. This delivery by Parker cannot bind Taylor. . To make it Taylor’s deed, it is essential that there should be a delivery of it by him or his duly authorized agent. Where there are several obligors in a bond, there should be a delivery by each-, to make it the deed of all. '
In Pawling vs. United States, IV. Cranch, 219, it was held that a bond might be delivered as an escrow,by the security to the principal obligor. In that case as in this, the security had signed it conditionally, and the principal, in whose hands it was placed, had passed it to the agent of the obligees. Yet it was held that this should not preclude the security from showing and relying upon the specific matter.
■ In form, the pleas are correct. They commence properly and conclude in the manner pointed out by precedent. “If a man delivers an obligation to J. S. upon certain conditions, to be performed, to deliver *456 i0 the obligee as a deed, and if not, to keep it as ah escrow. If the obligee gets it contrary to the condition, and brings debt, the other cannot show this matter and conclude judgment, si actio, but shall con-elude, and so non est factum.”